UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOEVALIS LAWRENCE JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:25-cv-00073-NCC |
| ) | |
| GREGORY HANDCOCK, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Joevalis Lawrence Johnson, a self-represented prisoner, brings this action under 42 U.S.C. § 1983 against several prison officials.  Doc. [6] at 1–3.  He alleges that Defendants failed to protect him from an attack by another inmate and later retaliated against him for filing a grievance.  *Id.* at 5.  For the reasons set forth below, the Court will allow Johnson's action to proceed against Defendant Fearless in his individual capacity only.  The Court will dismiss Johnson's remaining claims and deny his Motion for Appointment of Counsel without prejudice.  The Court will also deny all other pending motions as moot.

### I.    Background

In June 2025, the Court granted Johnson's Motion to Proceed *in Forma Pauperis* and ordered him to file an amended complaint.  Doc. [4].  In his Amended Complaint, Johnson names Warden Gregory Handcock, Deputy Division Director Jason Lewis, Sergeant Unknown Fearless, Correctional Officer Nicholas S. Smith, and Correctional

Officer Unknown Hayden as Defendants. Doc. [6] at 3.[1] He indicates that he sues these Defendants in their official and individual capacities. *Id.*

Johnson alleges that in July 2024, non-party correctional officers at the Southeast Correctional Center[2] attempted to place another prisoner in Johnson's cell whom Johnson calls "Offender Austin." *Id.* at 5. Johnson informed the officers that Austin was an enemy, and the officers instead then placed Austin on "the Bench." *Id.* Later that day, when Defendants Fearless, Smith, and Hayden began their shifts, they tried to place Austin in Johnson's cell. *Id.* Johnson states that he reiterated Austin's enemy status, but that Sergeant Fearless ordered Johnson to "cuff up," remarked that he was "getting tired of [Johnson's] shit," and made a crude comment to Johnson that amounted to stating he wished Johnson had never been born. *Id.* According to Johnson, the Defendant officers then placed Austin in the cell. *Id.* Johnson alleges Austin struck him, causing facial injuries for which Johnson claims he received medical attention. *Id.*

In late September 2024, Johnson alleges that he filed an Informal Resolution Request complaining of repeated failure by staff to follow prison policy. *Id.* In December 2024, Johnson states that he filed a grievance after receiving a conduct violation arising from the alleged assault. *Id.* Johnson alleges that, in response to the grievance, Warden Handcock admitted that the Defendant officers failed to follow prison policy when they

---

[1] Because Plaintiff no longer includes S. Koch, C.O. Reed, C.O. Jones, and Lt. Cade as Defendants, the Court will instruct the Clerk of Court to terminate them as Defendants on the docket.
[2] Although Johnson currently resides at the Eastern Reception, Diagnostic and Correctional Center, *see* Doc. [22], the events giving rise to his claims occurred at the Southeast Correctional Center, *see* Doc. [6].

placed Austin in Johnson's cell. *Id.* According to Johnson, SECC officials then retaliated against him by failing to expunge the conduct violation and Director Lewis failed to comply with policy, allegedly "due to staff neglect in retaliatory effect." *Id.* at 5–6. As relief, Johnson seeks monetary damages and an order requiring officials to expunge his conduct violation. *Id.* at 8.

**II.     Standard**

Because Johnson is proceeding *in forma pauperis*, *see* Doc. [4], his amended complaint is subject to review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a case filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Accord* 28 U.S.C. § 1915A (requiring screening for prisoners' claims seeking redress from a governmental entity or officer or employee of a governmental entity).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556).

3

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume unalleged facts. *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff); *Costabile v. N.Y. City Health & Hosps. Corp.*, 951 F.3d 77, 82 (2d Cir. 2020) (per curiam) ("Even for a pro se complaint, we cannot invent factual allegations that the plaintiff has not pled." (citation modified)).  Nor must the Court interpret procedural rules to excuse mistakes by those who proceed without counsel.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

4

## III.     Discussion

### A.     Sergeant Fearless, Officer Smith, and Officer Hayden

Prison officials may violate the Eighth Amendment if they are deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Deliberate indifference requires that the official actually knew of and disregarded the risk. *Id.* at 837. Here, Johnson alleges that he informed Defendants of Austin's enemy designation, yet Sergeant Fearless insulted Johnson and ordered him to "cuff up" and accept the cell placement. Doc. [6] at 5. Johnson further alleges that, shortly after the placement, Austin violently attacked him. *Id.* Liberally construed, these allegations support a plausible Eighth Amendment failure-to-protect claim against Fearless in his individual capacity. *See Iqbal*, 556 U.S. at 678; *Farmer*, 511 U.S. at 834. The allegations also support a plausible claim for negligence arising under Missouri law. *See McKelvey v. Rice*, 4:25-cv-0672-NCC, 2025 WL 2899020, at *3 (E.D. Mo. Oct. 10, 2025); *see also Benton v. Town of S. Fork*, 587 F. App'x 447, 452 (10th Cir. 2014) ("[W]e must liberally construe the pro se complaint to encompass the state law claim, as well as the federal claim.").

While Johnson also names Officers Smith and Hayden, he does not allege facts showing their personal involvement in the housing decision or its enforcement. Instead, he merely groups them with Fearless without describing what actions they took or failed to take. Such allegations fail to state a claim. *See Iqbal*, 556 U.S. at 678; *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to state § 1983 claim against defendant, plaintiff must allege that defendant "was personally involved in or had direct responsibility for incidents

5

that" resulted in injury).  Therefore, the Court will dismiss Johnson's claims against Smith and Hayden.

### B. Warden Handcock and Director Lewis

Johnson alleges that Warden Handcock and Deputy Division Director Jason Lewis refused to expunge his conduct even after Handcock acknowledged that officers should not have placed Austin in Johnson's cell.  Doc. [6] at 5–6.  But Johnson does not allege facts showing that Handcock or Lewis personally participated in the July 2024 cell placement or otherwise had direct responsibility for the alleged failure to protect.  Nor does Johnson allege facts showing that either defendant personally took actions that violated the Constitution beyond after-the-fact involvement in the grievance or administrative review process.  Conclusory allegations about supervisory roles, without more, do not support a plausible § 1983 claim.  *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997).  Accordingly, the Court dismisses Johnson's individual-capacity claims against Warden Handcock and Director Lewis.

Johnson also references "retaliation," but he does not allege facts showing that any named Defendant took adverse action against him because he filed a grievance, or that his protected activity was a motivating factor in any challenged decision.  Conclusory assertions of retaliation do not state a plausible claim.  *See Iqbal*, 556 U.S. at 678.  Accordingly, the Court will dismiss Johnson's retaliation claim.

### C. Official-Capacity Claims

Johnson also names Defendants in their official capacities.  Doc. [6] at 1–3.  An official-capacity claim against an individual is treated as a claim "against the governmental

6

entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  Put another way, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999); *see also Kelly v. City of Omaha*, 813 F.3d 1070, 1075 (8th Cir. 2016) (explaining that a plaintiff who sues public employees in their official capacities "sues only the public employer").

According to Johnson, Defendants are employees of the State of Missouri.  Doc. [6] at 2–3.  Thus, his allegations must plausibly support a claim against the State itself.  But neither the State of Missouri nor its agencies are "persons" for purposes of § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Further, absent a waiver or valid abrogation, the Eleventh Amendment bars suits for damages against a state or its officials acting in their official capacities.  *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743 (8th Cir. 1998).  *See also* 13 Wright & Miller's Federal Practice & Procedure § 3524 (3d ed. 2025).  Johnson does not allege that Missouri has waived its sovereign immunity, nor that Congress has abrogated that immunity in the § 1983 context.  Therefore, the Court will dismiss Johnson's official-capacity claims.[3]

    **D.**    **Motion for Appointment of Counsel**

The Court next addresses Johnson's second Motion for Appointment of Counsel. Doc. [8].  In civil cases, a self-represented litigant does not have a "constitutional or

---

[3] To the extent Johnson seeks prospective injunctive relief in the form of expungement of his conduct violation, he has not plausibly alleged an ongoing constitutional violation attributable to any state official.  Accordingly, the exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), does not apply.

7

statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (per curiam) (citation omitted); *see also Wishneski v. Andrade*, 572 F. App'x 563, 570 (10th Cir. 2014) ("Appointment of counsel in civil cases is the rare exception, not the rule."). Rather, a district court may appoint counsel "if convinced that an indigent plaintiff has stated a non-frivolous claim," *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citation omitted), "and where 'the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel,'" *id.* (quoting *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986)).

Once again, the Court finds that appointment of counsel is not warranted at this time. *See Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006) (discussing factors to consider). The factual issues in this case appear straightforward, and the legal principles governing Plaintiff's claims are well established. Indeed, Plaintiff has managed to state a plausible claim for relief. The Court therefore denies Johnson's Motion for Appointment of Counsel without prejudice. The Court may entertain later motions for appointment of counsel as the case progresses, if Plaintiff can make the proper showing.

      E.    **Motion Regarding Inmate Account Statement**

Johnson has filed a motion asking the Court to order the Missouri Department of Corrections to provide a six-month inmate account statement and address certain deductions or holds placed on his inmate account. Doc. [20]. He asserts that these issues have interfered with his ability to comply with Court orders. *Id.* The Court has already granted Johnson's motion to proceed *in forma pauperis*. *See* Doc. [4]. Accordingly, the Court will deny his motion as moot.

### F.     Motion to Correct the Record

Johnson has also filed a Motion to Correct the Record, stating that he has been transferred to Eastern Reception, Diagnostic and Correctional Center. Doc. [23]. Because the Clerk of Court already has updated Johnson's current address, the Court will deny this Motion as moot.

### IV.     Conclusion

For the foregoing reasons, the Court will allow Johnson's failure-to-protect claim under the Eighth Amendment and negligence claim under Missouri law to proceed against Defendant Fearless in his individual capacity only. The Court will dismiss all other claims and deny his Motion for Appointment of Counsel without prejudice. The Court will further deny as moot Johnson's Motion regarding his inmate account statement and his Motion to correct the record.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the Amended Complaint as to Sergeant Unknown Fearless in his individual capacity only pursuant to the Service Agreement maintained between the Court and the Missouri Department of Corrections.

**IT IS FURTHER ORDERED** that Johnson's second Motion for Appointment of Counsel, Doc. [8], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Johnson's Motion regarding his inmate account statement, Doc. [20], and Motion to Correct the Record, Doc. [23], are **DENIED** as moot.

9

**IT IS FINALLY ORDERED** that the Clerk of Court is respectfully directed to terminate S. Koch, C.O. Reed, C.O. Jones, and Lt. Cade as Defendants on the docket in this matter.

An appropriate Order of Partial Dismissal accompanies this Memorandum and Order.

Dated this 27th day of February 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE