UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOEVALIS LAWRENCE JOHNSON,  )
                            )
            Plaintiff,      )
                            )
v.                          )        Case No. 1:25-cv-00073-SNLJ
                            )
MATTHEW FAIRLESS,           )
                            )
            Defendant.      )

## MEMORANDUM AND ORDER

Following reassignment of this case to the undersigned [Doc. 42], this matter is before the Court on all pending motions.

The Motion for Leave to File Answer Out of Time filed by defendant Matthew Fairless [Doc. 37] is granted.  The Court notes that the Answer has been filed [Doc. 38].

Plaintiff's motions to correct the record [Docs. 28, 30, 33, and 40] are denied.  If plaintiff has a change of address, he should send a notice of change of address, not a motion to correct the record.[1]  Further, the motions are more accurately described as letters to the Court, which are improper.  The Court's Local Rules do not permit informal communications with the Court by letter.  *See* E.D. Mo. Local Rule 4.04(A).

Additionally, plaintiff may not supplement the amended complaint with information contained in the motions to correct the record and in the supplement filed at Document 31.  The Court will not accept piecemeal supplements or amendments.  A

---

[1] The record reflects that plaintiff is currently incarcerated at Jefferson City Correctional Center.

complaint may only be amended or supplemented with leave of Court.  *See* Fed.R.Civ.P. 15; E.D.Mo. L.R. 4.07.  Therefore, the supplement at Document 31 will be stricken.

Finally, plaintiff states he needs the assistance of counsel.  *See* [Docs. 30, 39, 40]. "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." *Crozier for A.C. v. Westside Cmty. Sch. Dist.*, 973 F.3d 882, 889 (8th Cir. 2020).  "Instead, district courts may appoint counsel in such cases if convinced that an indigent plaintiff has stated a non-frivolous claim, and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (cleaned up).  Relevant factors in determining whether counsel should be appointed include the factual complexity of the issues, the indigent person's ability to investigate the facts, the existence of conflicting testimony, the indigent person's ability to present the claims, and the complexity of the legal arguments.  *Id.*  This case involves two claims against one defendant that arise from a single incident.  The Court finds that the underlying facts and legal issues are not so complex as to require appointment of counsel.  To the extent plaintiff alleges he needs counsel due to his "mental illness," he has not provided any information for this Court to consider how his "mental illness" affects his ability to understand and present his claims. The Court has reviewed plaintiff's pleadings and finds that he has demonstrated his ability to understand and present his claims.  Plaintiff's request for appointed counsel is, therefore, denied at this time.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Leave to File Answer Out of

Time filed by defendant Matthew Fairless [Doc. 37] is **GRANTED**.  No further action is necessary as the Answer has been filed [Doc. 38].

**IT IS FURTHER ORDERED** that Plaintiff's motions to correct the record [Docs. 28, 30, 33, and 40] are **DENIED**.

**IT IS FURTHER ORDERED** that the Supplement [Doc. 31] is **STRICKEN**.

**IT IS FURTHER ORDERED** that plaintiff's requests for appointment of counsel [Docs. 30, 39, 40] are **DENIED**

**SO ORDERED** this 10th day of August, 2026.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE